TEAGUE P. PATERSON, SBN 226659
BEESON, TAYER & BODINE, APC
1404 Franklin Street, 5th Floor
Oakland, California 94612

Telephone: 510-625-8275
Facsimile: 510-625-9700
Email: tpaterson@beesontayer.com

Attorneys for Plaintiffs Trustees of the
Tri-Counties Welfare Trust Fund

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### AT SAN JOSE

| | |
|---|---|
| TRUSTEES OF THE TRI-COUNTIES WELFARE TRUST FUND,<br><br>Plaintiff,<br><br>v.<br><br>KELVIN HILDEBRAND, INC., HILDEBRAND & SONS TRUCKING, INC., WEST COAST DRAYAGE, HILDEBRAND BROTHERS TRUCKING, MORYA GULARTE TRUCKING d/b/a MG TRUCKING, and KELVIN HILDEBRAND,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

The TRUSTEES OF THE TRI-COUNTIES WELFARE TRUST FUND by their attorneys BEESON, TAYER & BODINE allege as follows:

### INTRODUCTION

1. The Trustees bring this action to obtain a judgment for unpaid and delinquent contributions and the attendant damages pursuant to provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §§ 1001, *et seq.* Specifically, Plaintiffs invoke Section 502(a)(3), 502(g), and 515 of ERISA (29 U.S.C. §§ 1132(a)(3), 1132(g), and 1145).

2. In bringing this action, the Trustees are enforcing the terms of the Agreement and Declaration of Trust ("Trust Agreement") that govern the Fund, and attendant documents.

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based on Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

4. Venue in this district is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), since the Fund is administered and Defendant resides within this District.

5. <u>Intra-District Assignment:</u>  The San Jose division is appropriate as Defendants reside and conduct their business in Monterey County and the Fund is administered in Monterey County.

## PARTIES

6. The Tri-Counties Welfare Trust Fund ("Fund") is an employee benefit health and welfare plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). It was established pursuant to the terms of various collective bargaining agreements between Teamsters Local 890, which is a labor organization representing employees in an industry affecting commerce, and various employers who are required to make contributions to the Fund on behalf of their employees by virtue of collective bargaining agreements with Teamsters Local Union No. 890 ("Local 890"). The Fund provides health and welfare benefits to covered employees, and their dependents. The Fund is operated pursuant to the terms of the Trust Agreement.

7. The Fund is administered by a Third Party Administrator, and its office is located at 1212 South Main Street, Salinas, California 93901, within the County of Monterey.

8. Plaintiffs are the Trustees of the Fund, and collectively are the "plan sponsor" within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

9. The Trustees are fiduciaries of the Fund, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

10. Upon information and belief, Defendant Kelvin Hildebrand Inc. ("KH Inc.") is a California corporation that maintains its principal places of business at 6 Lewis Road, Watsonville California and employs employees covered by a collective bargaining agreement ("CBA") with Local 890.

COMPLAINT
Case No.

2

71294_2.doc

11. Upon information and belief, Defendant Kelvin Hildebrand ("Hildebrand") is an owner of KH Inc.

12. Upon information and belief, Hildebrand & Sons Trucking, Inc. ("H&S Trucking") is a California corporation that maintains its principal places of business at 6 Lewis Road, Watsonville California and employs employees covered by a CBA with Local 890.

13. Upon information and belief, Morya Gularte ("Gularte") is an owner of H&S Trucking.

14. Upon information and belief, Defendant West Coast Drayage ("West Coast") is a California corporation that maintains its principal place of business at 6 Lewis Road, Watsonville, California, and employs employees performing work covered by a CBA with Local 890.

15. Upon information and belief West Coast is owned by the current or former spouse of Kelvin Hildebrand.

16. Upon information and belief, Defendant Hildebrand Brothers Trucking ("Hildebrand Bros.") is a California corporation that maintains its principal place of business at 6 Lewis Road, Watsonville, California, and employs employees performing work covered by a CBA with Local 890.

17. Upon information and belief, Hildebrand Bros. is owned by Kelvin Hildebrand's sons, who are also the sons of the owner of West Coast.

18. Upon information and belief, Defendant Morya Gularte Trucking ("MG Trucking") is a California corporation that maintains its principal place of business at 6 Lewis Road, Watsonville, California, and employs employees performing work covered by the CBA.

19. Upon information and belief, Morya Gularte is the owner of MG Trucking.

20. Upon information and belief, Morya Gularte is the aunt of Kelvin Hildebrand.

21. At all times material hereto, KH Inc., Hildebrand Bros., West Coast and MG Trucking were engaged in the business of hauling materials to and from construction sites.

## BACKGROUND

## THE COLLECTIVE BARGAINING AGREEMENTS WITH LOCAL 890

22. Upon information and belief, H&S Trucking has been a signatory to a series of collective bargaining agreements with Local 890, since the 1960's. H&S Trucking most recently

executed a CBA with Local 890 in May, 2007.

23. KH Inc. has been a signatory to a series of collective bargaining agreements with Local 890, since October 1993.

24. KH Inc. most recently executed a collective bargaining agreement with Local 890 on November 1, 2003.

25. At all times material hereto, KH Inc. and H&S Trucking were subject to and bound by the Fund's Trust Agreement, which is incorporated by reference into the collective bargaining agreements. In addition, at all times material hereto KH Inc. and H&S Trucking agreed to be bound to the Trust Agreement by execution of a "Subscriber Agreement", an agreement by which a contributing employer subscribes to the terms and conditions of the Trust Agreement.

26. The collective bargaining agreements, Trust Agreement and Subscriber Agreements require KH Inc. and H&S Trucking to make monthly contributions to the Fund for all employees who have worked in covered employment for a specified sum of hours per month.

27. Pursuant to the terms of the collective bargaining agreements and the Trust Agreement, KH Inc. and H&S Trucking are required to submit detailed written reports of hours worked in covered employment each month ("remittance reports").

## THE TRUST AGREEMENT

28. The Trust Agreement is the Fund's governing document adopted pursuant to the Taft-Hartley Amendments to the National Labor Relations Act, and codified as the Labor Management Relations Act, set forth in 29 U.S.C. § 141, *et seq.* The Trust Agreement provides for equal numbers of union-appointed and employer-appointed trustees and authorizes such trustees to adopt and administer a plan of health and welfare benefits.

29. The Trust Agreement provides for the funding of the benefit plan by requiring participating employers to make monthly contributions to the plan in the amount set forth in the employer's underlying CBA with Local 890 (and as set forth in a Subscriber Agreement executed by the employer and Local 890).

30. The Trust Agreement and Subscriber Agreements require that Fund contributions be made within ten calendar days of the first of each month.

31. Article IV, section (b) of the Trust Agreement provides for the payment of liquidated

1  damages in the event an employer fails to timely remit contributions. Such liquidated damages are
2  established by the Trust Agreement at 12% of the delinquency.
3      32.    Article IV, section (c) of the Trust Agreement sets forth the Trustees' authority to
4  institute legal proceedings to collect unpaid or delinquent contributions.
5      33.    Article IV, section (e) of the Trust Agreement requires an employer to pay the Trust's
6  attorneys' fees associated with collecting delinquent contributions.
7      34.    Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), requires payment of
8  interest at the rate of sixteen percent (16%) per annum for delinquent contributions owed prior to
9  November 1, 2003, and at the rate of eighteen percent (18%) per annum for delinquent contributions
10 owed from November 1, 2003 forward.

## CONTRIBUTIONS TO THE FUNDS

11     35.    For all periods material hereto KH Inc. has submitted monthly remittance reports to
12 the Fund for hours worked by some but not all employees performing work covered under its CBA
13 for the months of at least October 1993 through the present.
14     36.    KH Inc. has also submitted remittance reports and contributions to the Fund covering
15 some employees for hours worked on the payroll of West Coast.
16     37.    For all periods material hereto, H&S Trucking has submitted remittance reports to the
17 Fund for some but not all employees performing work covered by its CBA.
18     38.    MG Trucking, West Coast, Hildebrand Bros., have not submitted remittance reports to
19 the Funds for hours worked by their employees in covered employment.
20     39.    The Trust Agreement and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3),
21 authorize the Trustees to bring actions to enforce an employer's obligations to contributions to the
22 Fund.
23     40.    Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), further provides for
24 payment of the greater of liquidated damages in an amount equal to 12 percent of unpaid
28 contributions or an amount equal to the interest on unpaid contributions.
26     41.    The Trust Agreement provides and Section 502(g) of ERISA, 29 U.S.C. § 1132(g),
27 also provides that in an action to collect delinquent contributions, the Court shall award reasonable
28 attorneys' fees and costs and such other and further equitable relief as the Court deems appropriate.

## THE ENTERPRISE

42. Upon information and belief, at all times relevant to this action, KH Inc., H&S Trucking, West Coast, Hildebrand Bros. and MG Trucking, (collectively the "Defendant Companies"), have been affiliated with each other, have each employed persons who have performed work covered under the collective bargaining agreement of KH Inc. and H&S Trucking, and have each been part of a group of trades or business constituting a single employer sharing "common control" with each other, and/or are alter egos.

43. On information and belief, the Defendant Companies share common ownership, in that they were or are owned and/or operated by either the same individual or by individuals who share a familial relationship.

44. On information and belief, the Defendant Companies share common management consisting of individuals who share a familial relationship.

45. On information and belief, the Defendant Companies are all engaged in a common business enterprise, that is, the business of material hauling.

46. On information and belief, at all times relevant to this action, the Defendant Companies shared common operations.

47. On information and belief, at all times relevant to this action, the Defendant Companies shared common supervision.

48. On information and belief, at all times relevant to this action, the Defendant Companies shared common customers.

49. On information and belief, at all times relevant to this action, the Defendant Companies shared a common business purpose.

50. On information and belief, the Defendant Companies shared equipment.

51. On information and belief, at all times relevant to this action, employees of the Defendant Companies shared similar working conditions.

52. On information and belief, at all times relevant to this action, employees of the Defendant Companies shared similar job classifications.

53. On information and belief, at all times relevant to this action, employees of the Defendant Companies shared similar skills and job functions.

54. Upon information and belief, at all times relevant to this action, employees of the Defendant Companies performed similar services for customers.

55. On information and belief, at all times relevant to this action, employees of the Defendant Companies share common office space in Watsonville.

56. On information and belief, at all times relevant to this action, employees of the Defendant Companies worked out of the same location.

57. On information and belief, KH Inc. and H&S Trucking have used the other Defendant Companies to avoid their obligations under its collective bargaining agreements with Local 890, including its obligation to make contributions to the Fund on behalf of employees working in covered employment. Indeed, such companies were formed for this purpose.

58. On information and belief, employees on the payroll of West Coast, Hildebrand Bros., and MG Trucking have performed work covered by the collective bargaining agreement between KH Inc., H&S Trucking and Local 890.

59. On information and belief, employees driving trucks for West Coast, Hildebrand Bros and MG Trucking have performed work covered by the collective bargaining agreements between KH Inc., H&S Trucking and Local 890.

60. On information and belief, West Coast, Hildebrand Bros and MG Trucking have not made contributions to the Fund for the work performed by their employees in covered employment.

61. KH Inc. has made contributions to the Fund on behalf of several but not all of West Coast's employees performing work covered under the CBA with Local 890.

62. On information and belief, at all times relevant to this action, the Defendant Companies share common employees.

63. On information and belief, Hildebrand directs, operates, controls and has authority over the operations and management of the Defendant Companies.

64. Based on these factors, at all times relevant to this action, the Defendant Companies comprised and continue to comprise one enterprise operated by Hildebrand.

65. Based on these factors, at all times relevant to this action, the Defendant Companies are alter egos of one another and of Hildebrand.

66. Based on these factors, at all times relevant to this action, the Defendant Companies

and Hildebrand constitute a common employer.

## FIRST CAUSE OF ACTION
### For Audit and an Accounting

67. Plaintiffs incorporate and reallege the allegations set forth above as if the same were fully set forth herein.

68. The Subscriber Agreement executed by KH Inc provides that "the Employer" must "make available… all books, records and papers necessary to conduct an audit to verify the required contributions have been paid."

69. In or about July 2007, KH Inc. submitted to an audit by outside Fund auditors. Such auditors discovered that KH Inc. had reported and contributed to the Fund employees of West Coast.

70. The Fund auditor sought to audit West Coast's books and records but the request was refused by KH Inc. and West Coast. Subsequent requests for books and records of, and audit access to, West Coast and the other Defendant Companies subsequently discovered were made and denied.

71. The auditor reported that it was unable to complete its audit of KH Inc. until it had audited West Coast's books and records.

72. Through additional investigation, the Fund discovered the presence of other entities with identical operations, management and control, as alleged above, operating out of KH Inc.'s and H&S Trucking's premises and performing work covered under the collective bargaining agreements with Local 890.

73. On July 27, 2007, the Trustees' counsel sent to Defendants' office manager a letter demanding that it produce its books and records and those of its affiliated companies. As of this date, KH Inc. and the other Defendant Companies have refused to produce their books and records.

74. Upon information and belief, at all times relevant to this action the Defendant Companies were under "common control" as that term is used in 29 U.S.C. § 1301(b)(1) for purposes of withdrawal liability.

75. The Defendant Companies have failed to produce the books and records necessary for the Fund's auditors to perform their audit.

76. Accordingly, the Trustees demand that the Defendant Companies produce their books and records and those of any other affiliated companies to the Fund's auditors for audit for the period from November 1, 2002 to the present.

77. The Fund is entitled to attorney fees and costs incurred to enforce auditing of employers.

## SECOND CAUSE OF ACTION
**[For Delinquent Contributions, Interest and Liquidated Damages (29 U.S.C. § 1145)]**

78. Plaintiffs repeat and reallege the allegations set forth above as if the same were fully set forth herein.

79. The uncompleted audit of KH Inc. revealed unpaid Fund contributions in the amount of $81,624.15 for the period January 1, 2004 through December 31, 2006, plus interest and liquidated damages computed in accordance with the Trust Agreement.

80. In the event that the Defendant Companies provide the Trustees' auditors with all of the Defendant Companies' pertinent books and records, and an audit reveals contributions due and owing, such contributions are due to Plaintiffs as delinquent contributions under the Trust Agreement, the applicable collective bargaining agreements, and ERISA.

81. Any failure by the Defendant Companies to pay contributions to the Funds promptly when due is a violation of the collective bargaining agreements between Local 890 and KH Inc., and between Local 890 and H&S Trucking. In addition, such failure is a violation of the Trust Agreement and the respective Subscriber Agreements.

82. Any failure by the Defendant Companies to pay contributions to the Funds promptly when due is also a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

83. In the event Defendant Companies failed to maintain adequate books and records necessary to determine whether contributions are due and owing to the Fund, then such contributions shall be determined according to proof.

84. To the extent that Defendants claim they have not maintained pertinent books and records for any portion of the periods sought to be audited, it has also violated Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

85. To the extent that Defendants claim that they have not maintained pertinent books and records for any portion of the periods sought to be audited in connection with its obligation to pay contributions to the Funds, it has also violated Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement...[to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

86. An employer that violates the recordkeeping duties of Sections 107 and 209(a) of ERISA, 29 U.S.C. §§ 1027, 1059(a), must accept a benefit plan's reasonable estimate of contributions owed. Alternatively, to the extent that evidence exists enabling Plaintiffs to approximate contributions owed by a defendant that has failed to maintain pertinent books and records, that defendant must accept Plaintiffs' reasonable estimate of contributions according to proof.

87. In enforcing Section 515 of ERISA, 29 U.S.C. § 1145, Plaintiffs are entitled under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), to the following: delinquent contributions according to proof; interest on the delinquent contributions; an amount equal to the greater of interest on the delinquent contributions or liquidated damages; reasonable attorneys' fees and costs of the action; and such other and further equitable relief as the court deems appropriate.

### THIRD CAUSE OF ACTION
[Alter Ego and Joint Employer Liability]

88. The Plaintiffs incorporate and reallege the allegations set forth above, as if the same were fully set forth herein.

89. Upon information and belief, at all times relevant to this action West Coast, Hildebrand Bros. and MG Trucking were alter egos of either KH Inc. or H&S Trucking, or both.

90. Upon information and belief, at all times relevant to this action, KH Inc and H&S Trucking were alter egos of each other.

91. Upon information and belief, at all times relevant to this action West Coast, Hildebrand Bros. and MG Trucking and KH Inc were alter egos of Hildebrand.

92. Upon information and belief, at all times relevant to this action West Coast, Hildebrand Bros. and MG Trucking were single employers with KH Inc., H&S Trucking, or both.

93. Upon information and belief, KH Inc. and H&S Trucking, acting individually or in concert, underpaid contributions owed to the Funds for an unknown period by forming and using West Coast, Hildebrand Bros. and MG Trucking to evade their obligations under their CBAs with Local 890, and to evade their obligation to make contributions to the Fund for employees working in covered employment.

94. Upon information and belief, such evasion was orchestrated and perpetrated by Hildebrand individually or through KH Inc. and H&S Trucking.

95. All work performed by individuals employed by and/or paid through the Defendant Companies and covered under the CBAs requires contributions to the Fund when such work on a per employee basis meets or exceeds the contractual monthly requirement.

96. As alter egos and/or single employers Defendants are jointly and severally liable for all sums owed to the Fund by each, including all unpaid contributions required for employees of each company who performed work in covered employment for the requisite monthly number of hours, plus interest, liquidated damages, costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### [Injunctive Relief]

97. Plaintiffs incorporate and reallege the allegations set forth above, as if the same were fully set forth herein.

98. Plaintiffs seek injunctive relief against defendants to prevent the ongoing and future damage to the Fund resulting from KH Inc.'s and H&S Trucking's illegal and improper scheme to evade its obligations under their CBAs, the Trust Agreement and Subscriber Agreements.

99. Absent injunctive relief Plaintiffs will continue to be damaged by Defendants' conduct.

100. Injunctive relief is necessary to prevent future and further injustice and damage to Plaintiffs and the Fund.

101. As Plaintiffs are Trustees of an ERISA-governed employee benefit fund, injunctive relief is appropriate and may be entered by the Court.

102. Defendants should be enjoined from continuing their scheme to evade their illegal and improper scheme to evade its obligations under the collective bargaining agreement, the Trust Agreement and Subscriber Agreements.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant Companies, jointly and severally, as follows:

1. An order directing the Defendant Companies to present the pertinent books and records of West Coast, Hildebrand Bros., MG Trucking, and any other affiliated companies to the Fund's auditors for examination for the period from November 1, 2003 to the present.

2. An order directing the Defendant Companies to pay Plaintiffs:

   (a) Delinquent contributions found to be due and owing pursuant to audit(s) of the books and records and any other affiliated companies for the period from November 1, 2003 to the present for any covered work performed for the Defendant Companies when such work exceeds contractual monthly amount;

   (b) Interest on the delinquent contributions at the rate of eighteen (18%) percent per annum for delinquent contributions owed from November 1, 2003 forward, from the date each payment was due until the date judgment is entered;

   (c) the greater of liquidated damages equal to twenty (12%) percent of the unpaid contributions, or an amount equal to the pre-judgment interest described above;

   (d) reasonable attorneys' fees and costs of suit and audit; and

3. An order holding Defendants jointly and severally liable for the all amounts determined to be owed by Defendant Companies.

4. An order enjoining Defendants from operating alter ego companies and thereby avoiding their obligation to make contributions to the Fund.

5. Such other and further equitable relief as this Court deems appropriate.

Dated November 26, 2007

BEESON, TAYER & BODINE, APC

By: _____
TEAGUE P. PATERSON
Attorneys for the Trustees of the
Tri-Counties Welfare Trust Fund