TEAGUE P. PATERSON, SBN 226659
BEESON, TAYER & BODINE, APC
1404 Franklin Street, 5th Floor
Oakland, CA 94612
Telephone:    (510) 625-9700
Facsimile:    (510) 625-8275
Email:        tpaterson@beesontayer.com

Attorneys for Plaintiff
TRI-COUNTIES WELFARE TRUST FUND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AT SAN JOSE

| | |
|---|---|
| TRI-COUNTIES WELFARE TRUST FUND,<br><br>                                                Plaintiff,<br><br>v.<br><br>KELVIN HILDEBRAND, INC., HILDEBRAND & SONS TRUCKING, INC., WEST COAST DRAYAGE, HILDEBRAND BROTHERS TRUCKING, MORYA GULARTE TRUCKING, d/b/a MG TRUCKING, and KELVIN HILDEBRAND,<br><br>                                                Defendant. | Case No. CV-07-5941 JW<br><br>**PLAINTIFFS SEPARATE INITIAL CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE TO APRIL 28, 2008**<br><br>*[Local Rule 16-9]*<br><br>Date:            April 21, 2008<br>Hearing Time:    10:00 a.m.<br>Courtroom:       8, 4th Floor<br>Judge:<br>Complaint Filed: 11/26/2007 |

**PLAINTIFFS SEPARATE INITIAL CASE MANAGEMENT CONFERENCE STATEMENT AND REQUEST FOR CONTINUANCE**

Plaintiffs the Trustees of the Tri-Counties Welfare Trust submit this separate initial case management statement. Defendants have not made an appearance in this action (although have exchanged correspondence on which the Court was courtesy-copied), and Plaintiffs have filed notices of default and attendant documents with respect to all defendants but Defendant MG Trucking.

**REQUEST FOR CONTINUANCE:** Due to an unforeseen and late-arising conflict Plaintiffs request the initial case management conference be continued to April 28, 2008.

1.   Jurisdiction and Service

This court has Subject Matter Jurisdiction of this action, as it is brought pursuant to 29 U.S.C.

§ 1145. The Court has personal jurisdiction over the defendants, which are corporate and individual defendants doing business in California and in the County of Monterey.

2. Facts

This is an action brought by the Trustees of a joint labor-management multiemployer employee health and welfare benefit fund, the Tri-Counties Welfare Trust Fund ("Fund"), organized pursuant to the Taft-Hartley Act, 29 U.S.C. § 185 and governed by ERISA. The Fund provides a plan of health and welfare benefits (the "Plan") in accordance with ERISA. The Trustees seek delinquent contributions from Defendants. Defendant Hildebrand and Sons is a party to a collective bargaining agreement with Teamsters Local 890 that requires contributions to the Funds for employees covered under such agreement (the "CBA"). It is also a party to a Subscriber Agreement by which it has agreed that if any employees not covered by the CBA are to be enrolled in the Plan, all non-covered employees must be enrolled. The Subscriber Agreement – through which Hildebrand and Sons also agreed to be bound by the Fund's governing document, the declaration and Agreement of Trust -- also requires it and any related business to submit to an audit of corporate books and records. In addition, Defendant Hildebrand & Sons has employed individuals performing work covered under the CBA through the remaining defendants in order to avoid its obligations to contribute to the Fund. The other Defendants operate out of the same location, have the same customers, have overlapping ownership (by the Hildebrand family) and employ one another's employees, some of whom have been enrolled in the Plan. Such entities constitute alter-egos of one another and/or are joint employers, and this scheme was concocted for the purpose of, *inter alia*, avoiding obligations to contribute to the Fund.

3. Legal Issues

The legal issues presented by this action are:

(1) whether the Defendants or some of the Defendants constitute a single enterprise and are alter egos.

(2) Whether the Defendants owe contributions to the Fund.

(3) Whether West Coat Drayage must submit to an audit by the Fund's auditors.

4. Motions

Defendants have not answered or filed a responsive pleading, Plaintiffs have filed and served

a request for entry of default. Plaintiffs expect to move for default judgment and seek an award of damages. Plaintiffs also seek an order requiring West Coast Drayage to submit to an audit.

5. Amendment of Pleadings

Plaintiffs do not anticipate amending the pleadings.

6. Evidence Preservation

All documents relating to Defendants with the control of plaintiffs is preserved, in accordance with the Fund Administrators standard procedures for document retention.

7. Disclosures

As Defendants have not appeared in this action, no initial disclosures have been exchanged.

8. Discovery

No discovery has taken place to date, however since the filing of this suit the following Defendants have submitted to an audit by the Fund Auditors: MG Trucking, Hildebrand Brothers, Hildebrand & Sons.

As Defendants have not appeared, and notice of default has been filed, Plaintiffs do not anticipate formal discovery.

9. Class Action

Not applicable.

10. Related Cases

Not applicable.

11. Relief

Plaintiffs seek payment of delinquent contributions, interest and liquidated damages exceeding $160,000; an order requiring Defendant West Coast Drayage to submit to an audit and payment of any delinquent contributions discovered as a result of such audit; and an injunction prohibiting fraudulent alter-ego operations on a going-forward basis.

12. Settlement & ADR

ADR at this stage is not appropriate.

13. Consent to Magistrate Judge

Plaintiffs are amenable to assignment to a magistrate for default proceedings.

14. <u>Other References</u>

Plaintiffs do not believe this matter is suitable for binding ADR, a special master or the counsel for multidistrict litigation.

15. <u>Narrowing of Issues</u>

This case does not present multiple issues necessitating narrowing, nor is bifurcation appropriate.

16. <u>Expedited Schedule</u>

Plaintiffs are agreeable to an expedited schedule.

17. <u>Scheduling</u>

Because Defendants have not appeared and notices of default have been filed and served, a discovery schedule is not appropriate at this point.

Plaintiffs propose filing a motion for default judgment by June 1, 2007.

18. <u>Trial</u>

As an ERISA § 515 action this matter will be tried before the Court. Plaintiffs expect such trial to take 4-5 days. If a Default Judgment is entered, Plaintiffs expect a day of hearing of proof of damages.

19. <u>Disclosure of Non-Party Interested Entities</u>

With respect to Plaintiffs, there are no other interested parties.

20. <u>Other Matters</u>

None.

Dated: April 11, 2008                                   BEESON, TAYER & BODINE, APC


By:   /ss/ Teague P. Paterson
      TEAGUE P. PATERSON
      Attorneys for Plaintiff
      TRI-COUNTIES WELFARE TRUST FUND

# PROOF OF SERVICE

## U.S. DISTRICT COURT, NORTHERN DISTRICT
## CASE NO. CV-07-5941 JW

I declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 1404 Franklin Street, 5th Floor, Oakland, California 94612. On this day, I served the foregoing Document(s):

**PLAINTIFF'S SEPARATE INITIAL CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE TO APRIL 28, 2008**

☒ By Mail to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Beeson, Tayer & Bodine, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business in a United States mailbox in the City of Oakland, California:

Kelvin Hildebrand, President
KELVIN HILDEBRAND, INC.
6 Lewis Road
Watsonville, CA 95076

Dorothea M. Hildebrand, President
HILDEBRAND & SONS TRUCKING, INC.
6 Lewis Road
Watsonville, CA 95076

Kathleen Espinoza, Office Manager
HILDEBRAND BROTHERS TRUCKING
635 San Juan Pass Road
Corralitos, CA 95076

KELVIN HILDEBRAND
6 Lewis Road
Watsonville, CA 95076

Diane Hildebrand, Owner
WEST COAST DRAYAGE
P.O. Box 400
Watsonville, CA 95077

☐ By Personal Delivering a true copy thereof, to the parties in said action, as addressed below in accordance with Code of Civil Procedure §1011.

☐ By Overnight Delivery to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(c), by placing a true and correct copy thereof enclosed in a sealed envelope, with delivery fees prepaid or provided for, in a designated outgoing overnight mail. Mail placed in that designated area is picked up that same day, in the ordinary course of business for delivery the following day via United Parcel Service Overnight Delivery.

☐ By Facsimile Transmission to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(e).

I declare that the foregoing is true and correct. Executed in Oakland, California, on this date, April 11, 2008.

/ss/ Tanya Gatt
Tanya Gatt