1  TEAGUE P. PATERSON, SBN 226659
   BEESON, TAYER & BODINE, APC
2  1404 Franklin Street, 5th Floor
   Oakland, CA 94612
3  Telephone:  (510) 625-9700
   Facsimile:  (510) 625-8275
4  Email:       tpaterson@beesontayer.com

5
   Attorneys for Plaintiff
6  TRI-COUNTIES WELFARE TRUST FUND

7

8                 UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        AT SAN JOSE

11
   | TRI-COUNTIES WELFARE TRUST FUND, | Case No. CV-07-5941 JW |
12 |---|---|
   |                             Plaintiff, | MOTION AND NOTICE OF MOTION TO STRIKE AND CORRECT THE DOCKET AND DIRECT THE CLERK TO ENTER DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
13 | v. | |
14 | KELVIN HILDEBRAND, INC., HILDEBRAND & SONS TRUCKING, INC., WEST COAST DRAYAGE, HILDEBRAND BROTHERS TRUCKING, MORYA GULARTE TRUCKING, d/b/a MG TRUCKING, and KELVIN HILDEBRAND, | |
15 | | |
16 | | Hearing Date: June 27, 2008 |
   | | Hearing Time: 9:00 a.m. |
17 | | Courtroom: 8, 4th Floor |
   | | Judge: Hon. James Ware |
18 |                             Defendant. | Complaint Filed: Nov. 26, 2007 |
   | | Trial Date: None |

19

20      **MOTION AND NOTICE OF MOTION TO STRIKE AND CORRECT THE DOCKET**

21  TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

22      YOU ARE HEREBY NOTIFIED THAT on June 27, 2008 at 9:00 a.m. in Courtroom 8 of the

23  Northern District of California Federal Courthouse, San Jose Division at 280 South 1st Street

24  San Jose, California, Plaintiffs will move and hereby do move to strike the following docket items

25  consisting of correspondence carbon-copied to the Court and designated by the clerk as Answers to

26  the Complaint: Docket Nos. 4, 5, 6, 11 and 12; to correct the docket pursuant to Fed. Rule Civ.

27  Procedure No. 60; and further seek an Order from the Court directing the Clerk of Court to enter

28  defaults of the Defendants.

                                                                                          1
---
MOTION & NOTICE OF MOTION TO STRIKE, CORRECT DOCKET,                           83608.doc
MEMO OF P&A ISO MOTION TO STRIKE
Case No. CV-07-5941 JW

The grounds for the motion are more fully set forth in the Points and Authorities submitted herewith, and are based on Federal Rules of Civil Procedure Nos. 9, 12, 55(a) and 60.

Plaintiffs' motion is based on this Motion and Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Teague P. Paterson in support thereof.

Dated: May 9, 2008

Respectfully Submitted,

BEESON, TAYER & BODINE, APC

By: ___/s/ Teague P. Paterson___
TEAGUE P. PATERSON
Attorneys for TRI-COUNTIES WELFARE TRUST FUND

## MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND CORRECT THE DOCKET

### I. INTRODUCTION

On November 26, 2007, Plaintiffs the Trustees of the Tri-Counties Welfare Trust Fund ("Fund"), a multiemployer collectively-bargained health and welfare fund governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), filed a complaint alleging defendants Kelvin Hildebrand, Inc., Hildebrand & Sons Trucking, Inc., West Coast Drayage, Hildebrand Brothers Trucking, Morya Gularte Trucking, D/B/A MG Trucking, and Kelvin Hildebrand owed the Fund delinquent contributions and other damages for employees working in employment requiring coverage by and contributions to the Fund, and asserting liability for such contributions against all defendants on the basis that they are alter egos of each other and/or constitute joint employers of the relevant employees.

As indicated by the Clerk's Docket Entries Nos. 3, 7, 8, 9, 10 and 11, the Summons and Complaint were timely filed and served on all Defendants. Subsequently, the Defendants each mailed a one-page letter to the undersigned counsel requesting that they be dismissed from this action (*see* Declaration of Teague P. Paterson dated May 9, 2008, filed herewith ("Paterson Declaration")). Each letter indicates a carbon copy was sent to the Court. No defendant has appeared in this action, none have responded to the Complaint and none have indicated an intent to defend or otherwise

respond to the allegations set forth in the Complaint. Nonetheless, the letters were docketed as Answers to the Complaint and entered on the docket as items numbered 4, 5, 6, 12 & 13. For the convenience of the Court, the letters are attached to the Paterson Declaration as Exhibits A through E

On April 10, 2008, Plaintiffs filed Notices and Requests for Entry of Default, a Declaration of Teague Paterson in support thereof and Proposed Orders, seeking an entry of default by the clerk with respect to each Defendant excepting Morya Gularte Trucking (see Paterson Decl. ¶ 8; Docket Entries Nos. 15, 16 through 31). All default papers were served on the respective Defendants, as indicated in the Proof of Services Attached thereto.

On April 16, 2008, the Clerk entered Docket Nos. 33-38, consisting of the Clerk's declination to enter default for the respective defendants. Plaintiffs, through their counsel, contacted the Clerk's office that day and was informed that the requests to enter default were declined because the letters were designated as Answers to the Complaint (See Paterson Decl. ¶ 9). The Clerk's Office further indicated that it could not enter default unless the docket was corrected by order of the Court or the items designated as Answers to the Complaint were stricken.

Therefore Plaintiffs request, through this noticed motion and for the reasons stated below, that Docket entries 4-6, 12 & 13 be stricken or the docket otherwise be corrected, and the Court direct the Clerk to enter defaults for defendants Kelvin Hildebrand, Inc., Hildebrand & Sons Trucking, Inc., West Coast Drayage, Hildebrand Brothers Trucking and Kelvin Hildebrand.

## II. ARGUMENT

Other than the letters written to Plaintiffs' counsel and copied to the Court, the docket in this case contains no pleading, motion or other paper from the Defendants. Rule 8(b) of the Federal Rules of Civil Procedure requires a responsive pleading to "state in short and plain terms its defenses to each claim asserted against it and admit or deny the allegations asserted against it by an opposing party." Additionally, Rule 10 specifies the formal requirements for all pleadings. The Defendants have not complied with these rules of practice, and the letters neither purport to be answers nor satisfy even the lax pleading standards applicable to *pro per* litigants. Federal Rule of Civil Procedure 12(f) allows this Court to strike these "pleadings" *sua sponte* or by motion.

For the reasons stated below the Court should strike Docket entry nos. 4, 5, 6, 12 and 13 – or otherwise suitably correct the docket -- and direct the Clerk to enter defaults of the Defendants.

### A. The Corporate Defendants Have Not Filed Responsive Pleadings Or Otherwise Appeared In This Action

Defendants Hildebrand & Sons Trucking, Inc. and Kelvin Hildebrand, Inc. are incorporated corporations and can not appear on behalf of themselves. Rather they must appear through counsel. As evidenced by its letter dated December 13, 2007, Hildebrand & Sons Inc. holds itself out as an incorporated entity, (*see* Paterson Decl., Exh. A; Docket Entry No. 4), as does Kelvin Hildebrand Inc. (*see* Letter Dated December 19, 2007 attached to Paterson Decl. as Exh. D; Docket Entry No. 12)

Docket Entries Nos. 4 and 5 are therefore insufficient as answers or even appearances, because "[i]t has been the law for the better part of two centuries...that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). Nor can these letters be considered Answers under the lenient standard applicable to defendants appearing in *pro per*, and as a result, even if the letters stated a recognizable defense, which they do not, they would not be sufficient to constitute an answer to the Complaint.

Federal Rule of Civil Procedure 60(a) provides the Court with plenary power to correct clerical errors in the docket. Because Docket Entries 4 and 12 indicate on their face they are filed by incorporated business entities, it was error for the Clerk to docket them as Answers to the Complaint. Plaintiffs therefore request the Court to correct the docket by striking these entries entirely. Plaintiffs also request the Court to direct the Clerk to enter the a default with respect to these incorporated defendants.

The Complaint and summons were served and, according to Rule 12(a), the time for Defendants to appear and defend in this action has long since passed; no Rule 6(b) motion to extend time was filed by any Defendant. When requested by a plaintiff, Fed. Rule Civ. Procedure 55(a) permits the entry of a default against any defendant that has not timely appeared in the action.

### B. The Letters Submitted by Defendants MG Trucking, West Coast Drayage and Hildebrand Bros. Do Not Constitute Answers to the Complaint

The remaining Defendants, West Coast Drayage, MG Trucking, and Hildebrand Brothers, like their corporate counterparts, simply wrote letters to Plaintiffs' counsel with carbon copy to the Court protesting the Complaint.

Under Ninth Circuit law, letters that merely protest a lawsuit "[o]bviously, [do] not meet the formal appearance requirements specified by Rules 10 and 11, Fed.R.Civ.P." *Wilson v. Moore &*

*Associates, Inc.*, 564 F.2d 366, 367, n. 1 (9th Cir. 1977). The letters submitted by Defendants do not evidence an intent do defend the claims no do they evince an intent to make an appearance in *pro per*. As in *Wilson*, given the relative sophistication of these Defendants (as indicated by the letters) and their demonstrated close connection to one another, the Court should not indulge these Defendants.

Federal Rule of Civil Procedure 12(f)(2) allows this Court to strike pleadings that are so plainly improperly classified as answers. *See, e.g., Lowe v. Warden and Commissioner of Holman Prison Unit*, 450 F.2d 9, 12 n 2 (5th Cir. 1971) ("The minute entry shows that this unsigned memorandum was filed and docketed as the warden's 'Answer' on June 17, 1971. Even construed so as to do substantial justice, we do not believe this document should be allowed to serve the office of a responsive pleading... See Fed. R.Civ.P. 8, 10(a), 11, 12.")

Plaintiffs therefore request this Court to correct the docket under its inherent power, strike these letters as answers and direct the Clerk to enter the Defendants' default. Of course pursuant to Rule 12(a), the time for defendants to appear and defend in this action has long since passed.

C. **Kelvin Hildebrand Has Failed to File Any Responsive Documents On His Own Behalf**

Finally, it was error for the Clerk to decline to enter default of Defendant Kelvin Hildebrand (individually) as he has not filed any papers or carbon copied the Court on any Correspondence on his won behalf (as distinct from Kelvin Hildebrand, Inc.) As a result, he is in default and the Court should direct the Clerk to enter default as previously requested by Plaintiffs.

### III. CONCLUSION

Based on the foregoing the Court should strike or otherwise correct docket item numbers 4, 5, 6, 12 and 13, and Order the Clerk to enter the default of Defendants Kelvin Hildebrand, Inc., Hildebrand & Sons Trucking, Inc., West Coast Drayage, Hildebrand Brothers Trucking and Kelvin Hildebrand.

Dated: May 9, 2008

Respectfully Submitted,

BEESON, TAYER & BODINE, APC

By: __/s/ Teague P. Paterson__
TEAGUE P. PATERSON
Attorneys for TRI-COUNTIES WELFARE TRUST FUND

**PROOF OF SERVICE**

**U.S. DISTRICT COURT CASE NO. CV-07-5941 JW**

I declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 1404 Franklin Street, 5th Floor, Oakland, California 94612. On this day, I served the foregoing Document(s):

**MOTION AND NOTICE OF MOTION TO STRIKE AND CORRECT THE DOCKET AND DIRECT THE CLERK TO ENTER DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☒ By Mail to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Beeson, Tayer & Bodine, mail placed in that designated area is given the correct amount of postage and is deposited that same day, in the ordinary course of business in a United States mailbox in the City of Oakland, California:

| | |
|---|---|
| Kelvin Hildebrand, President<br>KELVIN HILDEBRAND, INC.<br>6 Lewis Road<br>Watsonville, CA 95076 | Dorothea M. Hildebrand, President<br>HILDEBRAND & SONS TRUCKING, INC.<br>6 Lewis Road<br>Watsonville, CA 95076 |
| Kathleen Espinoza, Office Manager<br>HILDEBRAND BROTHERS TRUCKING<br>635 San Juan Pass Road<br>Corralitos, CA 95076 | KELVIN HILDEBRAND<br>6 Lewis Road<br>Watsonville, CA 95076 |
| Diane Hildebrand, Owner<br>WEST COAST DRAYAGE<br>P.O. Box 400<br>Watsonville, CA 95077 | |

☐ By Personal Delivering a true copy thereof, to the parties in said action, as addressed below in accordance with Code of Civil Procedure §1011.

☐ By Overnight Delivery to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(c), by placing a true and correct copy thereof enclosed in a sealed envelope, with delivery fees prepaid or provided for, in a designated outgoing overnight mail. Mail placed in that designated area is picked up that same day, in the ordinary course of business for delivery the following day via United Parcel Service Overnight Delivery.

☐ By Facsimile Transmission to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(e).

I declare that the foregoing is true and correct. Executed in Oakland, California, on this date, May 9, 2008.

_____/s/Tanya Gatt_____
Tanya Gatt, Secretary to Teague Paterson